## Capital Consumer Discount Co. v. Deak

*Donnell D. Reed*, for plaintiff.
*Robert A. Berkowitz* and *Carol K. Knutson*, for defendants.

ROSS, E., *J.*, August 31, 1978—This matter is before the court after argument on a motion for judgment on the pleadings filed by Rose Deak, defendant, who contends that the claim in assumpsit by plaintiff, Capital Consumer Discount Company, is barred by the statute of limitations. The facts relevant to this issue follow.

On or about April 9, 1965, defendants George, Rose and David G. Deak entered into a contract with plaintiff for the purpose of borrowing a certain sum of money. Defendants pledged household goods, an automobile and a note as security for this loan. The contract contains the equivalent of a standard confession of judgment clause.

On or about June 21, 1965, defendants defaulted on the loan and have made no payments since October 22, 1965.

Judgment on the claim was confessed April 14, 1965, at DSB no. 719 July term, 1965, in the Court of Common Pleas of Allegheny County. Plaintiff did not execute on this judgment.

On or about February 9, 1977, plaintiff instituted the within action in assumpsit. Defendant Rose Deak contends this action is barred by the six-year statute of limitations relating to assumpsit actions. She relies on cases decided in the United States District Courts in the Eastern and Western Districts of Pennsylvania wherein *executions* based on standard confession of judgment clauses were found to be violative of the "due process" clause of the United States Constitution.

In Mallon v. Coon, no. C.A. 70-503, United States District Court for the Western District of Pennsylvania, it was held that the effect of confessed judgments was limited to the extent that defendants brought to process under confession clauses became entitled to a fundamental due process hearing prior to execution.

In Swarb v. Lennox, 314 F. Supp. 1091 (1970), the court held a confession of judgment clause violative of the "due process" clause of the Fourteenth Amendment of the United States Constitution absent a showing that a defendant knowingly and voluntarily waived the right to notice and hearing. It must be noted however this case did not bar executions on judgments taken prior to the date of the action nor did it avoid the judgment itself. The court rather preserved those judgments entered prior to the date of the order entered in that case and specifically noted that they would be subject to execution if defendants were granted the opportunity of a hearing on the claims forming the basis of

such judgments in accordance with procedural guarantees: Swarb v. Lennox, supra, 1103. The court *did not impose any time limit* under which such executions must be sought and hearings provided.

Although plaintiff has waited more than six years from the date of the Swarb decision to file the within action, the confession of judgment took place within a week of the signing of the contract and was well within the statute of limitations prescribed for assumpsit actions. Were it not for the district court cases cited herein, no problem would exist as to execution and defendant would not have been entitled to a hearing. Swarb did not avoid the judgment. Rather it required a hearing. The action filed by plaintiff does not violate Swarb but complies with it since it provides the procedure under which the hearing will be obtained, i.e., the action of assumpsit.

If this action and others similar to it were proscribed, all creditors who acted lawfully and in good faith before the Federal decisions would suffer a total loss. Prior to the Federal adjudications, such creditors could have revived their judgments until such time as their debtors possessed sufficient assets as would have made execution possible or worthwhile.

Defendant here asserts a defense of the statute of limitations, which defense she did not have when judgment was confessed. Such defense asserted 13 years later was not the intended result of the Federal cases which did not nullify the judgment but which rather ensured that there be a hearing before a writ of execution could be utilized on a confessed judgment. The action of assumpsit provides the mechanism for the hearing and to allow the defense

of the statute of limitations at this later date would deny creditors any hope of collection when they had done all that was required of them under prior law and had a good judgment.

Defendant's motion for judgment on the pleadings may not be granted on the ground the statute of limitations has run on plaintiff 's claim. Defendant's motion will be denied. She and the other defendants may only avail themselves of defenses which may be used to open the judgment.

### ORDER

And now, August 31, 1978, after argument on the motion for judgment on the pleadings of defendant Rose Deak, it is ordered, adjudged and decreed that defendant's motion is hereby denied.